MEMORANDUM **
Gurinder Singh, a native and citizen of India, petitions for review of the dismissal by the Board of Immigration Appeals (“BIA”) of his appeal of the decision by an Immigration Judge (“IJ”) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, we deny the petition for review. See Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002).
The IJ found that Singh’s testimony was not credible, because it was inconsistent and it went to the heart of Singh’s claim for persecution. See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001) (A single inconsistency is grounds for an adverse credibility finding, if it relates to the petitioner’s alleged fear of persecution and goes to the heart of his asylum claim.). The IJ noted contradictions and inconsistencies in Singh’s testimony regarding his actual date of entry, his alleged arrests in India, and his arrests while in the United *40 States. These inconsistencies and contradictions go to the heart of Singh’s claim for asylum. Singh testified that he was arrested and tortured on two occasions while in India on account of his political opinion and religious beliefs, however, Singh was arrested in the United States at the same period of time he claimed to have been tortured in India. Singh also stated that he had never been arrested in the United States, when in fact he was arrested on five separate occasions. Singh also could not remember significant dates after he was asked to wash them of his hands. Because substantial evidence supports the IJ’s adverse credibility finding, we uphold the denial of asylum for his failure to show past persecution or a well-founded fear of future persecution. Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003) (“We must defer to the IJ’s credibility findings and uphold the denial of asylum relief.”).
Because Singh cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to a withholding of removal. See Mansour v. Ashcroft, 390 F.3d 667, 673 (9th Cir.2004).
Because Singh’s CAT claim is based upon the same testimony as his asylum claim, and no other evidence has been presented that supports his claim, his CAT claim also fails. See Farah, 348 F.3d at 1157.
On appeal, Singh also claims that his due process rights were violated as a result of the number of “indiscernible” references in the hearing transcript and the admission of a FBI “rap sheet” into evidence. Singh, however, never raised these claims to the BIA. Accordingly, 8 U.S.C. § 1252(d)(1) bars us, for lack of subject matter jurisdiction, from reaching the merits of a legal claim not raised in the administrative proceedings below. Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.